# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. _____

JETAIRE AEROSPACE, LLC,

    Plaintiff,

v.

AERSALE INC.,

    Defendant.

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, JETAIRE AEROSPACE, LLC ("Jetaire" or "Plaintiff") files this Original Complaint for Patent Infringement against Defendant AERSALE INC. (hereinafter, "AerSale" or "Defendant") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendant's infringement of the following patents (hereinafter, the "Patents-in-Suit") issued by the United States Patent and Trademark Office (hereinafter, the "USPTO"), copies of which are attached hereto as **Exhibit A**, **Exhibit B**, and **Exhibit C**, respectively:

|    | U.S. Patent No. | Title |
|----|-----------------|-------|
| A. | 9,849,998 (the "'998 Patent") | Block Foam Method Of Accomplishing Ignition Mitigation In Aircraft Fuel Tanks |
| B. | 10,633,109 (the "'109 Patent") | Method And Material For Accomplishing Ignition Mitigation In Tanks Containing Flammable Liquid |
| C. | 10,800,541 (the "'541 Patent") | Method And Material For Accomplishing Ignition Mitigation In Tanks Containing Flammable Liquid |

2. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

3. Jetaire is a limited liability company organized and existing under the laws of the State of Georgia and maintains its principal place of business at 105 Cecil Court, Fayetteville, Georgia, 30214 (Fayette County).

4. Based upon public information, AerSale is a corporation duly organized and existing under the laws of the state of Florida since July 28, 2008.

5. Based upon public information, AerSale has its principal place of business located at 121 Alhambra Plaza, Suite 1700, Coral Gables, Florida 33134 (Dade County).

6. Defendant may be served through its registered agent, Nicolas Finazzo, 121 Alhambra Plaza, Suite 1700, Coral Gables, Florida 33134.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over AerSale because: Defendant has minimum contacts within the State of Florida and in this District; Defendant has purposefully availed itself of the privileges of conducting business in the State of Florida and in this District; Defendant has sought protection and benefit from the laws of the State of Florida and is incorporated there; Defendant regularly conducts business within the State of Florida and within this District, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Florida and in this District.

9. More specifically, AerSale directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and services in the United States, the State of Florida, and in this District.

10. Based upon public information, AerSale solicits customers in the State of Florida and in this District and has paying customers who are residents of the State of Florida and this District and who use its products in the State of Florida and in this District. AerSale is also incorporated in the State of Florida and in this District.

11. Venue is proper pursuant to 28 U.S.C. § 1400(b) because AerSale resides in this District because of its formation under the laws of Florida and its principle place of business in this District.

## BACKGROUND INFORMATION

12. Plaintiff is the owner of the Patents-in-Suit, and possesses all right, title and interest in the Patents-in-Suit including the right to enforce the Patents-in-Suit, the right to license the Patents-in-Suit, and the right to sue Defendant for infringement and recover past damages.

13. Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit, including by marking the then-issued patent numbers for the Patents-in-Suit on all proposals, brochures, shipping crates, and individual product components.

14. In 1996, the Federal Aviation Administration ("FAA") issued new regulations which imposed Fuel Tank Flammability Reduction ("FTFR") requirements for passenger and cargo aircraft, including various Boeing and Airbus models, to minimize the risk of an explosion in the fuel tank.

15. There have been various solutions in the past to comply with these mandated aircraft fuel tank ignition mitigation requirements, including pumping inert nitrogen gas into the fuel tank during operation.  *See* **Ex. C** (1:23-31).

16. However, these prior solutions were both expensive, time consuming, and had their own potential failure rates.  *See* **Ex. A** (2:64-3:10).

17. The inventive concept of the Patents-in-Suit is to overcome these prior deficiencies by providing a method and system of accomplishing ignition mitigation using reticulated polyurethane safety foam in coordinated shapes to fill the fuel tanks. *See* **Ex. A** (3:14-23).

18. Michael Williams, the inventor of the Patents-in-Suit, sought to develop an alternative system that would comply with these FTFR requirements, and would be less expensive and easier to deploy.

19. Before a FTFR system can be installed in an aircraft, the FAA must approve the system, and then issue a Supplemental Type Certificate ("STC") permitting the system to be used in an aircraft.

20. Before the FAA would issue a STC for Mr. Williams' system, Mr. Williams was required to develop, install, configure, and test various versions of ignition mitigation systems that would satisfy the FTFR requirements on an actual aircraft.  Neither Jetaire nor Mr. Williams had possession of or owned an aircraft, and therefore, to undergo the FAA approval process for an STC on a Boeing 737, Jetaire entered a confidential relationship with AerSale by which Jetaire would

be provided with secure and private access to one of AerSale's Boeing 737s for development and testing purposes.

21. Jetaire eventually received from the FAA an STC for the Boeing 737.  Jetaire currently holds several FAA certificates relevant to ignition mitigation technologies that satisfy the FTFR requirements, including but not limited to the following:

    a. B737 (200-900) - ST03450NY

    b. B757(200) - ST04415AT

    c. B767 (200-300) - ST04405AT

    d. Airbus (A319-A321) - ST03834NY

22. Recognizing the benefits of Jetaire's system, AerSale requested that Jetaire develop a system for AerSale that would satisfy the FTFR requirements and be suitable to be approved by the FAA and receive an STC.  After some discussion, Jetaire declined to develop such a system for AerSale.

23. AerSale then began developing a competing and almost identical foam-based ignition mitigation systems to that which Jetaire ultimately developed and patented.  AerSale appears to have obtained approvals from the FAA to provide their AerSafe™ products on several model aircrafts.

## DEFENDANT'S PRODUCTS AND SERVICES

24. Based upon public information, AerSale offers its AerSafe™ products, which AerSale advertises and markets as an aircraft fuel tank ignition mitigation systems.  *See* **Exhibit D.**

25. Based upon public information, AerSale owns, operates, advertises, and/or controls the website www.aersale.com through which it advertises, sells, offers to sell, provides and/or educates customers about its products and services.  *Id*.

26. AerSale's AerSafe™ products are installed on the following airplanes: (1) Airbus A319; (2) Airbus A320; (3) Airbus A321; (4) Boeing 767 Series; (5) Boeing 737 NG Series; and (6) Boeing 737 Classic Series; upon information and belief and based on public information, AerSale's AerSafe™ products are also installed on the Airbus A330 and being configured for the Boeing 777 Series.

27. The AerSafe™ products use "custom-designed foam blocks that meet the exact tolerances required to fill the fuel tank cavity." *See* **Exhibit E** (at E-3).

28. AerSale measured and designed the AerSafe™ products to fill the dimensions of a fuel tank for the aircrafts listed above. *See* **Exhibit F** (at F-2).

29. AerSale installs its AerSafe™ products on and/or provides training and instructions on the installation of its products to its customers, partners, and/or agents. *See* **Exhibit G** (at G-2).

30. AerSale can perform AerSafe™ installation at any hangar around the world and can also provide training for the installation. *See id*.

31. Prior to installation, the aircraft center tank must be de-fueled. *See id*.

32. Upon information and belief, AerSale has been aware that its AerSafe™ products infringe at least the '998 Patent since early in 2018.

33. AerSale has been aware that its AerSafe™ products infringe at least the claims from U.S. Patent Application No. 15/816,150 and U.S. Patent Application No. 16/165,609 and that issued into the '109 Patent, and '541 Patent, respectively, since November of 2020, when AerSale notified Jetaire that it should include certain prior art found and claim charts developed by AerSale.

34. Jetaire is and has been, at all relevant times, a direct competitor to AerSale.

35. Jetaire has lost customers, sales, market share, and goodwill as a result of AerSale's infringement of the Patents-in-Suit.

36. A substantial portion of Jetaire's business is centered on the sale and provision of its patented fuel tank mitigation technologies and a substantial portion of its sales are strictly related to the sale and provision of its patented fuel tank mitigation technologies.

37. There is a substantial demand for the patented technologies and the products that incorporate them and there are no acceptable non-infringing alternatives for them—the patented technologies and the products that incorporate them can only be sold with FAA approval and pursuant to a supplemental type certificate (STC) that covers a particular model airplane.

38. Jetaire has the manufacturing and marketing capability to exploit the demand for the patented technologies and the products that incorporate them, and Jetaire would have made substantial profits from the patented technologies and the products that incorporate them but for AerSale's infringement.

39. It is Jetaire's belief that it has accrued damages of over $20 million since the issuance of the '998 Patent, but that number could be more, and Jetaire seeks all of those damages by way of this complaint.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 9,849,998

40. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

41. U.S. Patent No. 9,849,998 (the "'998 Patent") was issued on December 26, 2017 after full and fair examination by the USPTO of Application No. 14/851,511 which was filed on September 11, 2015.  *See* **Ex. A**.

42. Upon information and belief, Defendant has directly infringed one or more claims of the '998 Patent, either literally or under the doctrine of equivalents, because it performs each and every step set forth in at least Claim 1 and Claim 2 of the '998 Patent by providing and/or installing the AerSafe™ products on aircraft.

43. To the extent that Defendant contends that it does not perform any of the claimed steps themselves, Defendant directs or controls others—its customers, partners, and/or agents—to perform such steps.

44. To the extent that any of the claimed method steps are considered to be performed by another entity, Defendant has contracted with such entity to perform such steps pursuant to a service agreement, and Defendant conditions payment to such entity upon such entity's performance of such steps.

45. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '998 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, partners, and/or agents to use and install the AerSafe™ products in an infringing manner.  To the extent that Defendant is not the only direct infringer of the '998 Patent, customers, partners, and/or agents that have purchased, installed and/or used the AerSafe™ products (*see* **Exs. D-G**), constitute direct infringers.

46. Despite knowledge of the '998 Patent as early as 2018, and upon information and belief, Defendant continues to encourage, instruct, enable, and otherwise cause its customers, partners, and/or agents to use its AerSafe™ products, in a manner which infringes the '998 Patent.  *See* **Exs. D-G**.  Based upon public information, the provision of and sale of the AerSafe™ products is a source of revenue and a business focus of Defendant.  *See id.*

47. Upon information and belief, Defendant specifically intends its customers, partners, and/or agents to use its products and services in such a way that infringes the '998 Patent by, at a minimum, providing and supporting the AerSafe™ products and instructing its customers,

partners, and/or agents on how to use and install them in an infringing manner, available upon purchase of the AerSafe™ products. *See* **Exs. D-G.**

48. Specifically, Defendant offers services to install its AerSafe™ products and assist its customers, partners, and/or agents in installing and utilizing its ignition mitigation systems. *See* **Exs. D-G**. Based upon public information, Defendant knew that its actions, including but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers and/or partners of the '998 Patent by continuing to sell, support, and instruct its customers and/or partners on using the AerSafe™ products. *See* **Exs. D-G.**

49. Upon information and belief, Defendant also contributes to the infringement of the '998 Patent by offering for sale and/or selling components that constitute a material part of the invention claims in the '998 Patent.

50. For example, Defendant has offered for sale and/or sold numerous ignition mitigation systems that infringe the '998 Patent, as discussed above.

51. As a result, the AerSafe™ products can only be used in a manner that infringes the '998 Patent, and on information and belief, have been used by Defendant's customers, partners, and/or agents in a manner that directly infringes one or more claims of the '998 Patent. AerSale knew of the '998 Patent and that its actions would lead to infringement of the '998 Patent.

52. Defendant's AerSafe™ products have no substantial, non-infringing uses.

53. The acts of infringement by Defendant have occurred with full knowledge of the '998 Patent and have been willful and deliberate, making this case exceptional within the meaning of the United States patent laws.

54. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

55. Plaintiff is entitled to recover from Defendant the damages in an amount of its lost profits, or at a minimum, a reasonable royalty, sustained by Plaintiff as a result of Defendant's wrongful acts with respect to the '998 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,633,109

56. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

57. U.S. Patent No. 10,633,109 (the "'109 Patent") was issued on April 28, 2020 after full and fair examination by the USPTO of Application No. 15/816,150 which was filed on November 17, 2017. *See* Ex. B.

58. Upon information and belief, Defendant has directly infringed one or more claims of the '109 Patent, either literally or under the doctrine of equivalents, because it performs each and every step set forth in at least Claim 1 and Claim 15 of the '109 Patent by providing and/or installing the AerSafe™ products on aircraft.

59. To the extent that Defendant contends that it does not perform any of the claimed steps themselves, Defendant directs or controls others—its customers, partners, and/or agents—to perform such steps.

60. To the extent that any of the claimed method steps are considered to be performed by another entity, Defendant has contracted with such entity to perform such steps pursuant to a service agreement, and Defendant conditions payment to such entity upon such entity's performance of such steps.

61. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '109 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, partners, and/or agents to use and install the AerSafe™ products in an infringing manner. To the extent that Defendant is not the only direct infringer of the '109 Patent, customers, partners, and/or agents that have purchased, installed and/or used the AerSafe™ products (*see* **Exs. D-G**), constitute direct infringers.

62. Despite knowledge of the '109 Patent as early as the filing of this complaint, and upon information and belief, Defendant continues to encourage, instruct, enable, and otherwise cause its customers, partners, and/or agents to use its products and services, in a manner which infringes the '109 Patent. *See* **Exs. D-G**. Based upon public information, the provision of and sale of the AerSafe™ products is a source of revenue and a business focus of Defendant. *See id.*

63. Upon information and belief, Defendant specifically intends its customers, partners, and/or agents to use its products and services in such a way that infringes the '109 Patent by, at a minimum, providing and supporting the AerSafe™ products and instructing its customers, partners, and/or agents on how to use and install them in an infringing manner, available upon purchase of the AerSafe™ products. *See e.g.,* **Exs. D-G.**

64. Specifically, Defendant offers design services to select, deploy and integrate its AerSafe™ products to assist its customers, partners, and/or agents in installing and utilizing the ignition mitigation systems. *See e.g.*, **Exs. D-G**. Based upon public information, Defendant knew that its actions, including but not limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers, partners, and/or agents of the '109 Patent by continuing to sell, support, and instruct its customers, partners, and/or agents on using the AerSafe™ products. *See e.g.*, **Exs. D-G.**

65. Upon information and belief, Defendant also contributes to the infringement of the '109 Patent by offering for sale and/or selling components that constitute a material part of the invention claimed in the '109 Patent.

66. For example, Defendant has offered for sale and/or sold numerous ignition mitigation systems that infringe the '109 Patent, as discussed above.

67. As a result, these AerSafe™ products can only be used in a manner that infringes the '109 Patent, and upon information and belief, have been used by Defendant's customers, partners, and/or agents in a manner that directly infringes one or more claims of the '109 Patent. AerSale knew of the '109 Patent and that its actions would lead to infringement of the '109 Patent.

68. Defendant's AerSafe™ products have no substantial, non-infringing uses.

69. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

70. Plaintiff is entitled to recover from Defendant the damages in an amount of its lost profits, or at a minimum, a reasonable royalty, sustained by Plaintiff as a result of Defendant's wrongful acts with respect to the '109 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 10,800,541

71. Plaintiff re-alleges and incorporates by reference each of the paragraphs above.

72. U.S. Patent No. 10,800,541 (the "'541 Patent") was issued on October 13, 2020 after full and fair examination by the USPTO of Application No. 16/165,609 which was filed on October 19, 2018. *See* Ex. C.

73. Upon information and belief, Defendant has infringed at least Claim 1 and Claim 16 of the '541 Patent, either literally or under the doctrine of equivalents, because it makes, uses, imports, offers for sale, sells, and/or advertises its AerSafe™ products.

74. An end-user (*e.g.*, owner and/or leasee of the subject airplane) of the AerSafe™ products directly infringes the '541 Patent by using the AerSafe™ products.

75. To the extent the components of the system covered by Claims 1 and 16 include components provided or owned by third parties, Defendant is vicariously liable because it (i) puts into service the AerSafe™ products, through their manufacture, sale and use, that infringe one or more claims of the '541 Patent and (ii) controls its products and derives a benefit from the use of every element of them and the entire system(s) by its customers, partners, or agents.

76. Similarly, to the extent third parties (*e.g.,* customers, partners, or agents) form or use the patented system, Defendants infringed Claims 1 and 16 because the third parties' beneficial use of the system is conditioned on using components in an infringing manner as established by Defendant.

77. Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '541 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled, and otherwise caused Defendant's customers, partners, and/or agents to use and install the AerSafe™ product in an infringing manner. To the extent that Defendant is not the only direct infringer of the '541 Patent, customers, partners, and/or agents that have purchased, installed and/or used the AerSafe™ product (*see* **Exs. D-G**), constitute direct infringers.

78. Despite knowledge of the '541 Patent as early as the filing of this Complaint, and upon information and belief, Defendant continues to encourage, instruct, enable, and otherwise cause its customers, partners, and/or agents to use its products and services, in a manner which infringes the '541 Patent. *See* **Exs. D-G**. Based upon public information, the provision of and sale of the Accused Products and Services is a source of revenue and a business focus of Defendant. *See id.*

79. Upon information and belief, Defendant specifically intends its customers, partners, and/or agents to use its products and services in such a way that infringes the '541 Patent by, at a minimum, providing and supporting the Accused Products and Services and instructing its customers, partners, and/or agents on how to use and install them in an infringing manner, available upon purchase of the Accused Products. *See e.g.,* **Exs. D-G.**

80. Specifically, Defendant offers design services to select, deploy and integrate its AerSafe™ products to assist its customers in installing and utilizing the ignition mitigation systems. *See e.g.*, **Exs. D-G**. Based upon public information, Defendant knew that its actions, including but not

limited to any of the aforementioned products and services, would induce, have induced, and will continue to induce infringement by its customers, partners, and/or agents of the '541 Patent by continuing to sell, support, and instruct its customers, partners, and/or agents on using the Accused Products and Services. *See e.g.*, **Exs. D-G.**

81. Upon information and belief, Defendant also contributes to the infringement of the '541 Patent by offering for sale and/or selling components that constitute a material part of the invention claimed in the '541 Patent.

82. For example, Defendant has offered for sale and/or sold numerous ignition mitigation systems that infringe the '541 Patent, as discussed above.

83. As a result, these AerSafe™ products can only be used in a manner that infringes the '541 Patent, and on information and belief, have been used by Defendant's customers, partners, and/or agents in a manner that directly infringes one or more claims of the '541 Patent. AerSale knew of the '541 Patent and that its actions would lead to infringement of the '541 Patent.

84. Defendant's AerSafe™ products have no substantial, non-infringing uses.

85. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

86. Plaintiff is entitled to recover from Defendant the damages in an amount of its lost profits, or at a minimum, a reasonable royalty, sustained by Plaintiff as a result of Defendant's wrongful acts with respect to the '541 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

87. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

88. Plaintiff respectfully requests the following relief:

    A. An adjudication that one or more claims of the Patents-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by AerSale;

    B. An adjudication that Defendant has induced infringement of one or more claims of the Patents-in-Suit;

    C. An adjudication that Defendant has contributed to the infringement of one or more claims of the Patents-in-Suit;

D. An award of damages, including lost profits, but at a minimum, a reasonable royalty, to be paid by AerSale adequate to compensate Plaintiff for AerSale's past infringement, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for AerSale's infringement, an accounting of all infringing sales including, but not limited to, those sales presented and not presented at trial;

E. An adjudication that Defendant's infringement of one or more claims of the '998, '109, and '541 Patents have been willful such that damages may be enhanced under 35 U.S.C. § 284;

F. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

G. Any further relief that this Court deems just and proper.

Respectfully submitted: December 17, 2020,

/s/ Timothy C. Davis

Timothy C. Davis, FL No. 571880
**HENINGER GARRISON DAVIS, LLC**
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336, 327-9128
Facsimile: (205) 373-2294, 380-8078
Email: tim@hgdlawfirm.com

*for Plaintiff*
***JETAIRE AEROSPACE, LLC***

**Of Counsel**
James F. McDonough, III (GA No. 117088,)
Jonathan R. Miller (GA No. 507179)
Travis E. Lynch (GA No. 162373)
**HENINGER GARRISON DAVIS, LLC**
3621Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5502, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

**List of Exhibits**

A. U.S. Patent No. 9,849,998
B. U.S. Patent No. 10,633,109
C. U.S. Patent No. 10,800,541
D. Webpage: AerSafe™ Fuel Tank Ignition Mitigation System
E. Webpage: AerSale Blog – November 26, 2019
F. Webpage: AerSale Blog – December 24, 2019
G. Fact Sheet: AerSafe™ Fuel Tank Ignition Mitigation System