UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-25144-DPG

**JETAIRE AEROSPACE, LLC**,

    Plaintiff,

v.

**AERSALE INC.**,

    Defendant/Counter-Plaintiff,

v.

**JEATIRE AEROSPACE, LLC,
JETAIRE FLIGHT SYSTEMS, LLC,
and MICHAEL WILLIAMS,**

    Counter-Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Jetaire Aerospace, LLC's Motion for Reconsideration (the "Motion"). [ECF No. 169]. Plaintiff argues that the Court erred when it affirmed and adopted the Special Master Paul M. Janicke's Report and Recommendations (the "Report"). *See* [ECF Nos. 133, 155]. For the reasons that follow, the Motion is granted.

Under Rule 54(b), any non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). Additionally, "[m]otions for reconsideration, whether considered under Rule 54(b), Rule 59(b), or Rule 60(b) . . . are generally all evaluated under the same standard." *Onita-Olojo v. Veolette Sellers*, No. 12-CIV-62064, 2016 WL 11600719, at *1 (S.D. Fla. June 27, 2016). "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)).

In its Motion, Plaintiff argues that the Special Master ignored Federal Circuit case law and incorrectly concluded that the terms "FAA-certified fuel gauge calibrating procedures for the [subject] aircraft" in Claims 1, 2, and 3 (the "FAA-Certified Limitations") of U.S. Patent No. 9,849,998 (the "'998 Patent") were indefinite. [ECF No. 169 at 1]. Thus, Plaintiff requests that this Court reconsider its adoption of the Report to "correct a clear error and prevent manifest injustice to [Plaintiff]—the improper invalidation of the '998 Patent." *Id.* at 8. Rather than discussing the merits, Defendant AerSale, Inc. relies heavily on procedural grounds, specifically waiver, in opposition to Plaintiff's Motion.[1] [ECF No. 172 at 17-19]. After reconsideration, this Court agrees with Plaintiff.

"[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014). "The claims . . . must provide objective boundaries for those of skill in the art." *Interval Licensing LLC v. AOL, Inc.*, 766 F.3d 1364, 1371 (Fed. Cir. 2014). The patent challenger "ha[s] the burden of proving indefiniteness by clear and convincing evidence." *BASF Corp. v. Johnson Matthey Inc.*, 875 F.3d 1360, 1365 (Fed. Cir. 2017).

Though scarce, existing case law holds that claim terms are not indefinite simply because

---

[1] The Court finds that Plaintiff did not waive its arguments. The record clearly shows that Plaintiff, in its Supplemental Claim Construction Brief provided to the Special Master before the Report was filed, argued that the FAA-Certified Limitations "should not be deemed indefinite; at worst, a construction should be adopted in the form of Jetaire's alternative proposed construction with the word 'current' removed." [ECF No. 136-2 at 6]. While Plaintiff primarily argued that no construction was necessary, it also asserted the possible alternative that the scope of the FAA-Certified Limitations be limited to exclude time-dependent FAA regulations.

they incorporate a third-party standard or regulation. *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-cv-03343-EMC, 2022 WL 17254313, at *21 (N.D. Cal. Nov. 28, 2022) (finding that the counter-defendant failed to show that the claim term "standard based compliance rule" was indefinite by clear and convincing evidence and affording the claim term its plain and ordinary meaning); *Pm Holdings, Ltd. Liab. Co. v. Heart of Tex. Surgery Ctr.*, No. 6:21-cv-00644-ADA, 2022 WL 1230272, at *5 (W.D. Tex. Apr. 26, 2022) (When construing the term "initially constructed to conform to International Building Code (IBC) Class B standards", "[p]laintiff contends that the term is not indefinite simply because a standard is subject to later revision or amendment. The Court agrees.") (internal citations omitted); *Internet Machs. LLC v. Alienware Corp.*, No. 6:10-cv-023, 2011 WL 13096501, at *3 (E.D. Tex. June 23, 2011) ("Reciting an industry standard is acceptable if the standard was in existence when the patent application was filed. . . . The claims are not indefinite simply because the standard is subject to later revision.") (internal citations omitted). Even if FAA regulations change over time, the meaning of "FAA-certified fuel gauge calibrating procedures" never varies. The FAA-Certified Limitations will always mean carrying out fuel gauge calibrating procedures in compliance with FAA regulations. *See Fortinet, Inc.*, 2022 WL 17254313, at *21.

Indeed, as Plaintiff notes, every authority Defendant cites as support for its indefinite argument did not find a claim term that references a third-party standard to be indefinite. *See Xr Commc'ns, LLC v. D-Link Sys., Inc.,* No. 8:17-CV-00596-DOC-JDE, 2022 WL 2288913, at *14 (C.D. Cal. Jan. 27, 2022) ("[T]he literal scope of the term '802.11 standard' is limited to such standards that existed at the time of the invention. The Special Master therefore hereby expressly rejects Defendants' indefiniteness argument."), *adopted*, 2022 WL 2291747, at *1 (C.D. Cal. Apr. 18, 2022); *see also PC Connector Sols. LLC v. SmartDisk Corp.,* 406 F.3d 1359, 1363 (Fed. Cir.

2005); *Hill-Rom Servs., Inc. v. Stryker Corp.*, 755 F.3d 1367, 1382 (Fed. Cir. 2014) (Reyna, J., dissenting) ("[T]he literal scope of a patent claim 'cannot have different meanings at different times.'" (quoting *PC Connector Sols. LLC,* 406 F.3d at 1363)). Instead, the courts in *Xr Commc'ns* and *PC Connector Sols* construed the disputed terms based on standards existing at the time of the invention *because* a person of ordinary skill in the art would read it as such. *Xr Commc'ns*, 2022 WL 2288913, at *13-14 (finding that a person of ordinary skill in the art would interpret the meaning of "802.11 standard" as referencing only the standards that existed at the time of the invention); *PC Connector Sols. LLC*, 406 F.3d at 1363 ("As a consequence, the terms 'normally,' 'conventional,' 'traditionally,' and 'standard' are governed by their ordinary and customary meanings, and that, in view of their implicit time-dependence, the district court did not err in construing the literal scope of the claim limitations qualified by those terms as being limited to technologies existing at the time of the invention."). Also, *Hill-Rom Servs.* is inapplicable here because it does not address the indefiniteness of a claim term, nor does it discuss how one is to construe the scope of a claim term that references a third-party standard. As Defendant has not provided any authority supporting a finding of indefiniteness for claim terms that incorporate a third-party standard, the Court finds that the FAA-Certified Limitations are not indefinite and accords them their plain and ordinary meaning. To find otherwise would be clear error and run contrary to current case law. Furthermore, an indefinite finding would invalidate the '998 Patent and cause manifest injustice to Plaintiff.

Unlike *Xr Commc'ns* and *PC Connector Sols*, it is not necessary to construe the scope of the claim terms here to only the FAA regulations that existed at the time of the invention or filing of the '998 Patent. When looking at the plain and ordinary meaning of the at-issue claim terms, a person of ordinary skill in the art would understand that the FAA-Certified Limitations are

4

referencing the *current* FAA regulations and would include future amendments. *Soverain Software LLC v. Amazon.com, Inc.*, No. 6:04-CV-14, 2005 WL 6225276, at *5 (E.D. Tex. Apr. 7, 2005) (reviewing a claim term's methods, which referenced the use of "Hypertext transfer protocol" ("HTTP") and finding that "[t]here is no reason to think that one skilled in the art would think the claims were limited to only the then-current HTTP"). For example, if the '998 Patent was filed in the year 1948, certainly a person of ordinary skill in the art in today's world would not assume that the claim terms' scope only included calibrating procedures in accordance with the 1948 FAA regulations. The U.S. government routinely promulgates the FAA regulations, which set forth the national, *current* standards for aviation safety. Additionally, the FAA regulations are easily accessible to not only those within the aviation field, but to the public at large. Any ordinary person within the aviation field would understand that the '998 Patent's steps regarding mechanical operations on an aircraft would, and should, comply with the current FAA regulations for safety reasons. Therefore, the scope of the FAA-Certified Limitations is not limited to the FAA regulations that existed at the time the '998 Patent was filed or the time of the invention, but also includes future, amended FAA regulations.

Accordingly, it is **ORDERED AND ADJUDGED** that

(1) Plaintiff Jetaire Aerospace, LLC's Motion for Reconsideration, [ECF No. 169], is **GRANTED**;

(2) Plaintiff Jetaire Aerospace, LLC's Objections to the Report and Recommendations by the Special Master on Claim Construction, [ECF No. 138], are **SUSTAINED**;

(3) This Court's Order affirming and adopting the Special Master's Report and Recommendations, [ECF No. 155], is **VACATED IN PART**;

(4) The Special Master's Report and Recommendations, [ECF. No. 133], is **AFFIRMED**

**AND ADOPTED IN PART,** with the exception of Section II (Set D), which is **STRICKEN**. The remainder of the Report is incorporated into this Order by reference.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of September, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE