# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

## CASE NO.: 20-cv-25144-GAYLES/TORRES

JETAIRE AEROSPACE, LLC,

       Plaintiff/Counter-Defendant,

v.

AERSALE INC.,

       Defendant/Counter-Plaintiff,

v.

JETAIRE AEROSPACE, LLC,
JETAIRE FLIGHT SYSTEMS, LLC,
and MICHAEL WILLIAMS,

       Counter-Defendants.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court on the Report and Recommendation of Magistrate Judge Edwin G. Torres (the "Report"), [ECF No. 455], regarding Defendant/Counter-Plaintiff, AerSale Inc.'s ("AerSale") Motion to Tax Costs, [ECF No. 436], and Motion for Attorneys' Fees, [ECF Nos. 437, 438] ("Motion").[1] On July 8, 2025, Judge Torres issued his Report. [ECF No. 455]. After determining that this was not an exceptional case under 35 U.S.C. § 285, Judge Torres recommended that the Motion be denied. [ECF 455]. Judge Torres also recommended that the Motion to Tax Costs be granted in part. *Id*. On July 22, 2025, AerSale timely objected

---

[1] ECF No. 437 is the sealed version of ECF No. 438.

("Objections") to the Report.[2] [ECF Nos. 457, 459].[3] On August 5, 2025, Plaintiff/Counter-Defendant Jetaire Aerospace, LLC and Counter-Defendants Jetaire Flight Systems, LLC and Michael Williams (collectively, "Jetaire") filed their Opposition to Plaintiff's Objections ("Opposition"). [ECF No. 460].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). The objected portions of the report and recommendation are accorded *de novo* review if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). AerSale raised 13 objections to the Report, so the Court has conducted a *de novo* review of the record.

In this patent infringement dispute, AerSale prevailed at summary judgment. [ECF Nos. 415, 423]. AerSale now seeks attorney's fees pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. [ECF Nos. 437, 438]. "Under 35 U.S.C. § 285, a court in exceptional cases may award reasonable attorney fees to the prevailing party[.]" *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1347 (Fed. Cir. 2015) (internal quotation). A case is exceptional if it "stands out . . . with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id*. (internal citation omitted). Attorneys' fees may be awarded under 28 U.S.C.

---

[2] AerSale only objected to the Report's findings regarding the Motion and not the Motion to Tax Costs. [ECF Nos. 457, 459].
[3] ECF No. 459 is the sealed version of ECF No. 457.

§ 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927.

After a *de novo* review of the record, the Court finds no merit to AerSale's Objections. However, the Court briefly discusses AerSale's Second and Eighth Objections. In the Second Objection, AerSale argues that the Report improperly relied on excluded expert testimony. Although the Court excluded part of the expert's testimony, the Court did not exclude the testimony in its entirety. [ECF No. 296 at 7–8, 15]. And even if the expert's opinion was excluded for purposes of summary judgment and trial, that does not mean that Jetaire could not have reasonably relied on their retained expert's findings.

In its Eighth Objection, AerSale argues that the Report incorrectly found that "AerSale provides no authority that discovery misconduct can justify a fee award under § 285". [ECF No. 457 at 19]. However, AerSale does not cite the sentence at issue in its entirety: "Separately, AerSale provides no authority that discovery misconduct can justify a fee award under § 285– **especially short of it being egregious**." [ECF No. 455 at 11] (emphasis added). Given the full context of this statement, it is clear that Judge Torres considered all authority cited by the parties. Importantly, the case cited by AerSale, *Qualcomm Inc. v. Broadcom Corp.*, 548 F.3d 1004, 1009 (Fed. Cir. 2008), confirms that egregious discovery violations may justify an award of fees pursuant to § 285. But those circumstances were not shown in this case. In *Qualcomm*, the Court awarded attorney fees because, in pertinent part, Plaintiff repeatedly lied during discovery that it did not have certain emails or documents. *See Qualcomm Inc.*, 548 F.3d at 1009. It was ultimately revealed that Plaintiff had two hundred thousand responsive emails and documents. *Id.* The Court also found extensive evidence of misconduct throughout the litigation. *See id*. at 1026–27. AerSale's allegations, even if true, are not remotely close to the misconduct detailed in *Qualcomm*.

## CONCLUSION

The Court has conducted a *de novo* review of the record and agrees with Judge Torres' conclusion that the Motion for Attorneys' Fees should be denied and that the Motion to Tax Costs should be granted in part. Therefore, it is **ORDERED AND ADJUDGED** as follows:

(1)     The Report and Recommendation, [ECF No. 455], is **ADOPTED in full**.

(2)     AerSale's Motion for Attorneys' Fees, [ECF Nos. 437, 438], is **DENIED**.

(3)     AerSale's Motion to Tax Costs, [ECF No. 436], is **GRANTED in part.**

(4)     Within twenty (20) days of this Order, Jetaire shall pay AerSale's costs in the amount of **$6,379.75**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of August 2025.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE